# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

              Plaintiff,     :     Case No. 3:09-cr-127
                                         Also Case No. 3:16-cv-281

                                         District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

RONALD E. SCHROYER,

              Defendant.     :

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court for initial review of Defendant Schroyer's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 114). Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

All collateral attacks on criminal convictions filed at the Dayton location of court are referred to the undersigned by General Order Day 13-01.

1

**Procedural History**

Defendant Ronald E. Schroyer was indicted by the grand jury for this District on August 25, 2009, on one count of distribution of Oxycodone and a second count of attempting to distribute Oxycodone (Indictment, ECF No. 11). A Superseding Indictment repeated the original charges and added counts for conspiracy to distribute controlled substances (Count Three), possession with intent to distribute (Counts Four, Five, Eight, and Nine), and attempt to possess with intent to distribute (Counts Six, Seven, and Ten)(ECF No. 23).

Schroyer entered into a written Plea Agreement with the United States in which he agreed to plead guilty to the conspiracy count (ECF No. 37). He pled guilty pursuant to the agreement and was referred to the Probation Department which produced a Presentence Investigation Report ("PSR"). Schroyer moved to withdraw his guilty plea, but Judge Rice overruled that motion (ECF No. 83). On January 18, 2013, Judge Rice sentenced Schroyer to 120 months imprisonment (ECF No. 100). Schroyer appealed and the Sixth Circuit affirmed. *United States v. Schroyer,* Case No. 13-3079 (6th Cir. Jan. 10, 2014)(unreported; copy at ECF No. 109). The instant § 2255 Motion, filed with the assistance of counsel, followed on June 28, 2016 (ECF No. 114).

## Analysis

As noted in the Motion, Judge Rice found, based on the recommendations of the PSR, that Schroyer was a career offender as that term is defined in the Sentencing Guidelines. The conclusion was based on the findings that the offense of conviction was a controlled substance offense and that Schroyer had two qualifying predicate offenses under the Guidelines. The PSR reported Schroyer's prior convictions for burglary in the Montgomery County Common Pleas Court in 1991 and assault on a police officer in the same court in 2006 (PSR ¶¶ 67, 72, 89).

Schroyer claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). Although Schroyer was sentenced under the career offender portion of the Sentencing Guidelines rather than the ACCA, the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson*. *United States v. Pawlak,* ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

Schroyer asserts that, after *Johnson,* his burglary conviction is no longer a qualifying predicate conviction. He correctly cites the controlling Guideline provision:

> An offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause]; or

3

> (2) is burglary of a dwelling, arson, or extortion, involves use of
> explosives [known as the enumerated offenses clause], or
> otherwise involves conduct that presents a serious potential risk of
> physical injury to another [known as the residual clause].

(Motion, ECF No. 114, PageID 722-23, quoting U.S.S.G. § 4B1.2(a).)

Schroyer argues that in determining whether his burglary conviction satisfies the elements clause, the Court must use the categorical approach prescribed by *Descamps v. United States*, 133 S. Ct. 2276 (2013). *Descamps*, however, was not a case interpreting the Guidelines, but rather a case under the Armed Career Criminal Act ("ACCA"). The Court held that in interpreting the phrase "violent felonies" for purposes of the ACCA, lower courts must follow the categorical approach and find a burglary to be a violent felony only if it contains the elements of so-called "generic burglary." The Court had held as long ago as 1990 that in listing in the ACCA as violent felonies the crimes of burglary, arson, and extortion, Congress referred only to their usual or generic versions and not to all variants of the offenses. *Taylor v. United States*, 495 U.S. 575, 598 (1990). As to burglary, *Taylor* held that means a crime containing the elements of unlawful or unprivileged entry into a building or other structure, with intent to commit a crime. *Id.*

> To determine whether a prior conviction is for generic burglary (or
> other listed crime) courts apply what is known as the categorical
> approach: They focus solely on whether the elements of the crime
> of conviction sufficiently match the elements of generic burglary,
> while ignoring the particular facts of the case.

*Id.* at 600-601. Just last month the Supreme Court reaffirmed the categorical approach for interpreting the ACCA, holding "[I]f the crime of conviction covers any more conduct than the generic offense, the it is not an ACCA "burglary" – even if the defendant's actual conduct (i.e.,

4

the facts of the crime) fit within the generic offenses boundaries." *Mathis v. United States*, ___ U.S. ___, 2016 U.S. LEXIS 4060, *9 (June 23, 2016).

The Sentencing Guidelines, however, do not incorporate verbatim the language of the ACCA. Instead of "burglary," U.S.S.G. § 4B1.2(a)(2) refers to "burglary of a dwelling." The same language is repeated in Application Note 1 to this section.

Schroyer argues that his conviction for burglary "categorically fails to qualify as a career offender predicate [because]

> Burglary fails to qualify as a "crime of violence" because neither of these offenses has an element involving the use, attempted use, or threatened use of physical force against a person, or involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

(Motion, ECF No. 114, PageID 730.) It is certainly true that burglary in Ohio cannot qualify under the elements clause of the Guidelines because it does not involve an element of use of force against a person. It is also true that, after *Pawlak*, it cannot qualify as violent felony under the residual clause. But Schroyer's argument ignores the enumerated offenses portion of the Guidelines, which classifies as a violent felony "burglary of a dwelling."

The PSR shows that Schroyer's burglary conviction was for a felony of the second degree (PSR ¶ 72). Under Ohio law, a person commits the offense of burglary in the second degree if he or she violates either Ohio Revised Code § 2911.12(A)(1) or (A)(2), both of which proscribe trespass in an occupied structure with purpose of committing a crime. At least prima facie, that meets the definition of generic burglary in *Taylor*. Schroyer presents no authority to the contrary.

In the alternative, classifying Schroyer as a career offender was harmless error if it was error at all. Under the career offender guidelines, Schroyer's total offense level would have been 29.  Because that level would have been lower than the offense level from the table, the Guidelines instruct that the higher level is to be used.  PSR ¶ 68.  In this case the offense level from the table was 33 as opposed to the 32 derived from the career offense Guidelines.  Given his criminal history, he would have been in category VI regardless of whether the career offender classification was made.  Thus the Guideline range without career offender classification would have been 235-293, whereas with the career offender classification it would have been 210-262.

During the sentencing hearing, Schroyer's lawyer agreed that finding him to be a career offender would be to his advantage (Sentencing Transcript, ECF No. 106, PageID 643).  Judge Rice found Schroyer to be a career offender, resulting in a Guideline range of 151-188 months. *Id.* at PageID 659-60.  Thus Schroyer was not harmed by being classified as a career offender, a result agreed to by his counsel.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSED WITH PREJUDICE.  Because of the many new issues involved with litigation under Johnson, supra, it is also recommended Defendant be granted a certificate of appealability if requested.

July 5, 2016.

                                               s/ *Michael R. Merz*
                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).